**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200544-U

Order filed December 14, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| SHAWN McREYNOLDS, as parent of MADELYN McREYNOLDS, a minor, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| HARFORD FARMS, INC., and EULALIO BALTAZAR, | ) ) ) | Appeal No. 3-20-0544 Circuit No. 17-L-48 |
| Defendants | ) ) | |
| (Harford Farms, Inc., | ) ) | Honorable Robert C. Marsaglia, |
| Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice McDade and Justice Hauptman concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Summary judgment in favor of the employer was upheld in an action alleging that the negligent supervision of the employee was a cause of the plaintiff's ATV accident because the plaintiff failed to present any evidence that any alleged negligence of the employer was a proximate cause of the plaintiff's injuries.

¶ 2   The plaintiff, Shawn McReynolds, as the parent of the minor, Madelyn McReynolds, appealed the grant of summary judgment in favor of the defendant, Harford Farms, Inc., in an action to recover for personal injuries sustained by Madelyn in an all-terrain vehicle (ATV) accident.

¶ 3                                    I. BACKGROUND

¶ 4   Madelyn was nine years old when she injured her foot in an ATV accident on April 15, 2017. At the time of the accident, Madelyn was a passenger on the ATV and it was being driven by Tania Rubi Baltazar. Tania was also nine years old, was Madelyn's friend, and was the daughter of the defendant, Eulalio Baltazar. Eulalio was an employee of Harford Farms. The plaintiff filed suit against both Harford Farms and Eulalio, alleging negligence and negligent entrustment against both defendants and negligent supervision against Harford Farms. Both defendants filed motions for summary judgment.

¶ 5   Christopher Harford, the president of Harford Farms, testified in his deposition that Harford Farms was a family farming business that farmed corn and soybeans. The farm had four employees: Christopher, his wife, Christopher's father, and Eulalio. Eulalio acted as Christopher's assistant in the farming, but Eulalio also did maintenance and mowing. Harford Farms owned one ATV, which was used frequently in the operation of the business during the spring and summer. The ATV was stored in a shed on the Harford Farms property with its key in the ignition. The shed was locked every night, and Christopher, his father, and Eulalio had a key or combination to the lock. Christopher testified that Eulalio's work hours were generally Monday through Friday from 7 a.m. to 4 p.m., but Eulalio worked weekends during the busy times in the spring and fall. Christopher testified that Eulalio was allowed to visit the farm during nonwork hours—Eulalio could work on his personal vehicle in the shop and use the campground area. Christopher stated

2

that Eulalio was allowed to use the ATV on the weekend when Eulalio was working, but Christopher had never given Eulalio permission to use the ATV when Eulalio was not there for work. Christopher was not aware that Eulalio had been using the ATV on nonworking days until the accident. Christopher never saw Eulalio's children operating the ATV on the farm. On the day of the accident, April 15, 2017, Christopher stated that he had been working with Eulalio in the morning, and then Eulalio left the premises. According to Christopher, Eulalio was disciplined in connection with the accident because Eulalio did not have permission to use the ATV outside of work. After the accident, Christopher found out that his father had told Eulalio in the past that Eulalio was not allowed to let anyone use the ATV.

¶ 6    Douglas Harford, Christopher's father, testified in his deposition that he hired Eulalio about 10 years earlier. After 2014, Christopher was in charge of the farm. Douglas testified that the ATV was only used for work, and he had told Eulalio that in the past. Douglas testified to an incident in 2014 where Douglas saw Eulalio's two older children driving a prior Harford Farms ATV and Eulalio giving rides on the ATV. Douglas removed the ATV and told Eulalio that the ATV was not to be used for recreation, and it was not for children. At a later date, Eulalio asked to use an ATV for a family gathering and Douglas said no. Douglas was not aware of any other occasions where Eulalio used the ATV during nonwork hours and Douglas was not aware of Tania ever operating the ATV.

¶ 7    Eulalio testified in his deposition that he was allowed to visit Harford Farms on the weekend when he was not working, or at least he had never been told that he could not. On the date of the accident, Eulalio drove Tania, Madelyn, and Madelyn's sister to the campground at Harford Farms and dropped them off. He then went to the shop and parked his car and drove the ATV about a mile to the campground. Eulalio testified that he did not have express permission to

3

use the ATV on the weekend, but he used it often and he had asked permission in the past. Eulalio testified that his son might have driven the Harford Farms ATV once before, and Tania may have driven it once or twice with Eulalio on it with her. Eulalio had never asked for permission to allow Tania to drive the ATV. Eulalio thought some people at Harford Farms may have seen Tania drive his ATV in the past, but they had never seen Tania drive the Harford Farms ATV. On the day of the accident, Eulalio allowed Tania to drive the ATV with the other two girls on the ATV.

¶ 8         Madelyn testified in her deposition that she had been to the campground area of Harford Farms about five times before with Tania and Eulalio. She had ridden with Tania on an ATV on those prior occasions. According to Madelyn, on the day of the accident, Eulalio drove them to the shed and dropped them off, and Tania drove the ATV on the road to the campground. Madelyn's 18-year-old sister was sitting on the front rack of the ATV when the accident occurred.

¶ 9         Tania testified in her deposition that she and Madelyn had been on the Harford Farms ATV on one prior occasion. Tania testified that she had driven Eulalio's ATV a number of times. On the day of the accident, Eulalio went to the shed first and loaded the ATV on the trailer and then brought it to the campground. They were going to the campground area to do Easter activities and ride the ATV. Tania testified that she would sometimes go with Eulalio when he was working, and she had ridden on the tractor with him when he was farming. She said she had never been to Harford Farms when Eulalio was not working.

¶ 10        The trial court granted summary judgment in favor of Harford Farms, finding that the deposition testimony showed no genuine issue of material fact on the issue of proximate cause. Harford Farms at no time gave permission for the use of the ATV by a 9-year-old girl. While Eulalio had permission to use the ATV for work, there was no conduct that implied permission to use it for recreation. The trial court found that there was no just reason to delay enforcement or

4

appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and the plaintiff appealed.

¶ 11                                                    II. ANALYSIS

¶ 12        The plaintiff argues that the trial court erred in finding no genuine issue of material fact on the issue of proximate cause. The plaintiff contends that there was at least a question of material fact whether Harford Farms had a pattern of negligently supervising its employee, Eulalio, and whether that negligence was a substantial factor in causing the plaintiff's injuries. Specifically, the plaintiff argues that Harford Farms provided Eulalio with unfettered access to its premises and the subject ATV; was aware that Eulalio was entering the premises on weekends and never addressed it; and Harford Farms' personnel knew that Eulalio allowed minor children to ride the subject ATV prior to the occurrence. We review *de novo* an order granting summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 13        An employee's negligence can create liability for his employer in two ways: vicarious liability for the acts of the employee or direct liability for the employer's own acts. *Vancura v. Katris*, 238 Ill. 2d 352, 375 (2010). In this case, the plaintiff's claim of negligent supervision is brought against Harford Farms on the basis of its own negligence in supervising Eulalio. To recover damages based upon Harford Farms' alleged own acts of negligent supervision, the plaintiff must allege and prove that Harford Farms (1) had a duty to supervise Eulalio, (2) negligently supervised Eulalio, and (3) such negligence proximately caused the plaintiff's injuries. See *Doe v. Coe*, 2019 IL 123521, ¶ 61.

¶ 14        In order to resist the motion for summary judgment on the element of proximate cause, the plaintiff needed to present evidence from which the trier of fact could conclude that the injury "must have been the result of a natural and continuous sequence of events set in motion by [the

defendant's] negligence." *Escobar v. Madsen Construction Co.*, 226 Ill. App. 3d 92, 94 (1992). The injury not only had to be foreseeable to a reasonable person, but the negligent "supervision must have been a substantial factor in bringing about the harm." *Id.* Only general foreseeability is required; the supervisor need not have prior notice of a particular unfitness. *Doe*, 2019 IL 123521, ¶ 61. While proximate cause is generally an issue of fact, it may be determined as a matter of law by the court if the facts show that the plaintiff would never be able to recover from the defendant. *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257-58 (2004). The conduct at issue is that by Harford Farms. See *Vancura*, 238 Ill. 2d at 375 (the plaintiff must prove that the employer's breach—not simply the employee's malfeasance—was a proximate cause of the plaintiff's injury).

¶ 15       We agree with the trial court's conclusion that the plaintiff has failed to carry the burden on the element of proximate cause. To avoid summary judgment, the plaintiff had the burden of presenting some evidence that the accident was the result of a natural and continuous sequence of events set in motion by Harford Farms' alleged negligent supervision of Eulalio. The plaintiff's evidence established that Eulalio had access and permission to use the Harford Farms ATV for work. On the one reported occasion that anyone from Harford Farms saw a child on the Harford Farms' ATV, the ATV was immediately taken away and Eulalio was warned that the ATV was for work only and not for children. There is no evidence in the record to indicate that directive was ever countermanded.

¶ 16       Despite this clear directive, the plaintiff argues that Harford Farms had reason to know that Eulalio was continuing to allow children to drive the Harford Farms ATV, pointing to Madelyn's testimony that she had ridden on the same ATV when at Harford Farms on five prior occasions. Even assuming this to be correct, although it conflicts with Tania's and Eulalio's testimony, there

6

is no evidence that anyone from Harford Farms had any knowledge that Eulalio was allowing children to drive the ATV.

¶ 17 The plaintiff also argues that there was a question of fact whether Eulalio was within the scope of his employment at the time of the accident and that the trial court erred by implicitly holding that Eulalio was not in the scope of his employment. Harford Farms contends that there was no question that Eulalio was not working at the time of the accident. As noted above, an employer can be held liable for the negligent acts of its employees under the theory of vicarious liability, or *respondeat superior*, if those acts are committed within the scope of the employment. *Vancura*, 238 Ill. 2d at 375. In general, an employee is in the scope of his employment if his conduct "is of the kind he is employed to perform"; "occurs substantially within the authorized time and space limits"; and "is actuated, at least in part, by a purpose to serve the master." *Pyne v. Witmer*, 129 Ill. 2d 351, 360 (1989) (quoting Restatement (Second) Agency § 228 (1958))

¶ 18 Eulalio and Christopher both testified that Eulalio had worked earlier in the morning on the day of the accident, but Eulalio was not working at the time of the accident. Eulalio's testimony was that he brought the girls from his home to the campground to cook a meal. The plaintiff relies on the testimony of Tania that she never went to Harford Farms when Eulalio was not working. However, Tania also testified that the purpose of the trip to Harford Farms was to use the ATV and do some Easter activities. Eulalio retrieved the ATV immediately and transported it to the picnic area. The girls got on it immediately. There was no indication that Eulalio did any work at that time. Since there was no evidence that Eulalio had any purpose to serve Harford Farms after returning to the farm on the day of the accident, we agree with the trial court's implicit holding that Eulalio was not in the scope of his employment for purposes of vicarious liability.

¶ 19                                     CONCLUSION

7

¶ 20    The judgment of the circuit court of Grundy County is affirmed.

¶ 21    Affirmed.